IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH WATTS, et al.,

           Plaintiffs,

v.                                                  CIVIL ACTION NO.   2:12-cv-02181

RMD HOLDINGS, LTD,

           Defendant.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending before the Court is Plaintiffs' Motion to Remand [Docket 4].  Defendant RMD Holdings, Ltd. joined in the motion to remand on August 10, 2012.  (Docket 6.)  For the reasons that follow, the motion [Docket 4] is **GRANTED**, and this matter is hereby **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

*I.  BACKGROUND*

This case arises out of an automobile accident involving Plaintiff Joseph Watts and another vehicle in a work zone on U.S. Route 119.  (Docket 1 at 7.)  The amended complaint was filed in Kanawha County Circuit Court on May 5, 2011, and it states that Mr. Watts was struck by another vehicle "due to the blocked lanes, inadequate traffic controls, and impeded view," caused by Defendants' allegedly negligent conduct in overseeing the work zone.  (Id. at 7-9.)  The named Defendants at the time of the amended complaint were The West Virginia Department of Transportation, Division of Highways ("DOT") and RMD Holdings, Ltd.  (Docket 1 at 6.)  On June 1, 2012, a partial dismissal order was entered in circuit court, which dismissed Defendant

DOT from the suit due to settlement.  (Docket 1 at 26-28.)  The dismissal eliminated the only in-state defendant from the suit and created complete diversity of citizenship among the parties.  The remaining Defendant, RMD Holdings, removed the case to this Court on June 19, 2012, on the basis of diversity of citizenship.  (Docket 1 at 2.)  On June 25, 2012, Plaintiffs filed the pending motion to remand, arguing that the one-year time limitation on removal of suits from state to federal court based on diversity of citizenship, contained in 28 U.S.C. § 1446(c), requires remand to state court.  (Docket 4 at 3-4.)

## II.  DISCUSSION

28 U.S.C. § 1446(b) provides that, subject to the limitation contained in § 1446(c):

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3).  The limitation in § 1446(c) is as follows:

> A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

§ 1446(c).

These two sections, when read together, impose two discrete time requirements in cases based on diversity jurisdiction where the initial pleading does not contain a basis for removal.  First, § 1446(b)(3) requires that the notice of removal be filed within 30 days of service or receipt by the defendant of the paper first establishing or revealing the basis for removal.  In this case, Defendant RMD Holdings removed the case on June 19, 2012; the partial dismissal order was entered on June 1, 2012.  Thus, § 1446(b)(3) presents no problem.

The second time requirement, however, requires remand as the parties suggest. Section 1446(c) requires that the notice of removal be filed within one year of the commencement of suit, absent bad faith on the part of the plaintiff. Plaintiffs assert that the suit was originally filed on April 21, 2011, and the record reflects that the amended complaint was filed on May 5, 2011. (Docket 4 at 3 n.1.) As stated, however, the notice of removal was filed on June 19, 2012. There is no evidence or indication of bad faith on the part of Plaintiffs. Thus, regardless of which complaint is used to calculate the one-year limitation, Defendant RMD Holdings' removal is untimely under 28 U.S.C. § 1446(c).

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand [Docket 4] is **GRANTED**. The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia, for further proceedings. Plaintiffs' request for attorney's fees and costs incurred as a result of the removal is **DENIED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

ENTER: September 5, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE